FILED - GR
April 18, 2022 3:04 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: JJM  SCANNED BY: /B/4-19

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

1:22-cv-359
Phillip J. Green
U.S. Magistrate Judge

PATRICK WILSON,

    Plaintiff,

                                  Case No.

                                  Hon.

v.

LORI BLUE,

    Defendant.

_____

CIVIL RIGHTS COMPLAINT

FOR MONETARY DAMAGES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


PATRICK WILSON,

    Plaintiff,

v.

LORI BLUE,

    Defendant.

_____/

Case No.

Hon.

## CIVIL RIGHTS COMPLAINT

### FOR MONETARY DAMAGES

Jurisdiction:

    1. This civil rights complaint is brought pursuant to 42 USC §1983; Eighth Amendment Deliberate Indifference; ADA (42 USC §12132); Rehabilitation Act (29 USC §794a), to remedy the deprivations of officials acting under the color of state law; rights secured by the United States Constitution, Federal and States laws; seeking monetary damages.

    2. This court has jurisdiction over this action pursuant to 28 USC §§1331 and 1343(a).

    3. This court has supplemental jurisdiction over the state law claims, pursuant to 28 USC §1367(a).

Parties:

4. In support of this civil rights complaint, Plaintiff alleges and complains against Defendant as follows:

5. Plaintiff Patrick Wilson (herein after known as "Plaintiff"), is a state prisoner under the jurisdiction and control of the Michigan Department of Corrections (herein after known as "MDOC"). At all times relevant to this lawsuit, Plaintiff was confined at the Lakeland Correctional Facility (herein after known as "LCF"), located at 141 First Street, Coldwater, Michigan 49036.

6. Defendant Lori Blue is an employee of the "MDOC". At all times relevant to this lawsuit, she was employed as a health care registered nurse (RN) at "LCF", located at 141 First Street, Colswater, Michigan 49036. She is sued in her individual and official capacity.

## FACTUAL ALLEGATIONS

7. Plaintiff has a documented medical history of suffering with Thoracic Aortic Aneurysm (i.e. Ascending, Arch & Descending), that dates back to 2002.

8. In 2002, Plaintiff was diagnosed with having a Thoracic Aortic Aneurysm at the Ascending point, while in the custody of the Wayne County Sheriff's Department, waiting to began criminal trial.

9. In 2003, Plaintiff was convicted and sentenced to serve a prison term of 3½ years in the Michigan Department of Corrections.

10. In 2003, while housed at the Cotton Correctional Facility

(JCS), Plaintiff was transported to Foot's Hospital to be examined for surgery by a heart cardiologist specialist, in which the doctor decided was to complicated due to the Aneurysm being unstable, and elected to sign off for a medical parole, and also recommended Plaintiff to be examined by a chief cardiologist at the University of Michigan Hospital.

11. In 2004, Plaintiff was examined by Doctor Michael Deeds at the U of M hospital, in which he contacted all Plaintiff's prior doctor's, agreeing that he supported a medical parole.

12. Due to Plaintiff's Ascending Aneurysm, he suffered two additional Aneurysm, which were at the Arch point of 2.7cm, and Descending point of 3.4cm,; therefore, doctor Deed's elected to perform the surgery.

13. Plaintiff's Ascending Aneurysm points had grown to 5.3cm, in which the cut off points are 5.5cm, resulting in death.

14. In May 2007, Plaintiff was released from prison and continued to be examined by the U of M doctors' (Dr. Deeds & Dr. Patel), who had previously performed a double by-pass heart surgery on Plaintiff.

15. Plaintiff had two more heart surgeries (i.e., 9-27-10/9-28-10), which were done by Dr. Patel.

16. Plaintiff had his last heart surgery on January 1, 2013, due to an Aneurysm that traveled from his heart to the brain.

17. In 2015, Plaintiff was convicted and sentenced to another prison term of 15 to 30 years for the crime of Assault.

18. To date, Plaintiff not seen his U of M doctors' since 2014, and remains on the waiting list, due to the Covid-19

pandemic.

19. On December 14, 2021, at approximately 9:30am, Plaintiff was given the Moderna Booster Vaccine shot and returned back to his housing unit.

20. At about 11:35am, Plaintiff began to experience severe chest pains, so he laid down and immediately began to have shortness of breath.

21. Resident Unit Manager (RUM) Shaw happen to be walking through the housing unit and noticed the difficulty Plaintiff was having with breathing and instructed the unit officer to contact health care.

22. The officer called health care, but was placed on hold, due to it being in the middle of shift change.

23. Once the shifts had changed, Rum Shaw had the unit officer write out a pass to have Plaintiff taken to the health care by his wheel chair pusher (i.e., inmate Kennedy), who gave the pass to the health care officer (i.e., Faulkner), who notified Defendant Blue of Plaintiff's emergency.

25. Defendant Blue saw that it was Plaintiff and forced him to wait while she called other inmates to be examined for non-emergency issues.

26. Upon Defendant Blue returning to the waiting area again to call another prisoner, besides him, he again informed Defendant Blue that he was having severe chest pains.

27. Defendant Blue became irate stating, "there's nothing wrong with Mr. Wilson, he does this all the time. There's no emergency".

28. Plaintiff then had his pusher take him back to the housing unit so he could place a call to his family (i.e., sister Erica), in which she placed a call to the prison and was informed by someone that the Plaintiff was alright.

29. At about 6:45pm, Plaintiff was again taken back to health care, but this time allowed to be examined by RN Mary Schultz, in which she contacted the medical health provider and reported Plaintiff's symptoms.

30. The medical provider (MP) informed RN Schultz that it appeared that Plaintiff was having a stroke or already had one, and needs to get to an hospital, in which he taken to the Henry Ford Allegiance Hospital in Jackson, Michigan.

31. Defendant Blue was aware that Plaintiff had a documented disability of heart conditions when she excluded him from receiving the benefits of medical treatment.

32. Defendant Blue's refusal to examine Plaintiff for severe chest pains was an act of deliberate indifference to his medical needs.

33. As a result of Defendant Blue's malicious and reprehensible actions, Plaintiff suffered from mental and emotional distress, in having to be counseled by a prison case manager.

## LEGAL CLAIMS

34. Defendant's acts, omissions, rules, policies and practices, as set forth in paragraphs 7 through 33, violated Plaintiff's rights under the American's with Disabilities Act (ADA), and Eighth Amendment Clause to the United States

Constitution, Federal and State laws.

### First Cause of Action

35. Defendant Blue's actions violated Federal law, by her deliberate indifference in denying Plaintiff medical treatment for his severe heart pains, as set forth in this complaint.

### Second Cause of Action

36. Defendant Blue's actions violated Federal law, by her discriminatory act of excluding Plaintiff from receiving the benefits of medical treatment, based on his disability, as set forth in this complaint.

### Third Cause of Action

37. Defendant Blue's actions violated Federal law, pursuant to the rehabilitation act of 1973 (29 USC 794a), as set forth in this complaint.

### Fourth Cause of Action

38. Defendant Blue's actions violated Federal law, by her causing Plaintiff mental and emotional distress, as set forth in this complaint.

### Fifth Cause of Action

39. Defendant Blue's actions violated State law, by her gross negligence of depriving Plaintiff of medical treatment, as set forth in this complaint.

### Sixth Cause of Action

35. Defendant Blue's actions violated State law, by her causing Plaintiff intentional infliction of emotional distress, as set forth in this complaint.

### RELIEF REQUESTED

Wherefore, Plaintiff request that this court grant the following:

A) Issue a declaratory judgment that Defendant's acts, omissions, rules, policies, and practices, violated Plaintiff's rights under the United States Constitution, Federal and State laws.

B) Award Plaintiff compensatory damages against defendant, in the amount of Ten-Thousand Dollars ($10,000.00), as a result of the deliberate indifference, discrimination, mental and emotional distress, intentional infliction of emotional distress, and gross negligence.

C) Award Plaintiff punitive damages in the amount of One-Hundred Thousand Dollars ($100,000.00), as a result of defendant's reprehensible, malicious and callous conduct.

D) Grant Plaintiff his costs, expenses and interest on any judgment awarded, including but not limited to reasonable attorney fees.

Date: 4-12-22

Respectfully Submitted,

Patrick Wilson #453216
Plaintiff in Pro Se
Lakeland Corr. Facility
141 First Street
Coldwater, Mi 49036

## AFFIRMATION

I affirm under penalty of perjury, that the above facts are true and correct, to the best of my knowledge, information and belief.

Date: 4-12-22

Respectfully Submitted,

*Patrick Wilson*
Patrick Wilson #453216
Plaintiff in Pro Se

Patrick Wilson 453216
Lakeland Corr. Facility
141 First Street
Coldwater, Michigan 49036

U.S. Dis
399 Federa
110 Michi
Grand Ra



trict Court
l Building
gan St. NW
ids. Michigan 49503