UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK WILSON #453216,

    Plaintiff,                                  Hon. Hala Y. Jarbou

v.                                            Case No. 1:22-cv-359

LORI BLUE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 49). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff brings this action against Registered Nurse Lori Blue. In his amended complaint, (ECF No. 28), Plaintiff alleges the following.

On the morning of December 14, 2021, Plaintiff received a COVID-19 "vaccine booster shot." He subsequently began to experience "severe chest pains" and "shortness of breath." Plaintiff went to Healthcare where Defendant Blue was informed that Plaintiff was experiencing an "emergency." Defendant responded by forcing Plaintiff to "wait" while she treated other inmates with "non-emergency issues." When Plaintiff reiterated that he was experiencing an emergency, Defendant responded

-1-

that there was "no emergency" because "there's nothing wrong with [Plaintiff], he does this all the time." Plaintiff went back to his housing unit, but subsequently returned to Healthcare where he was examined by Registered Nurse Mary Schultz. Following this examination, Plaintiff was transported to a local hospital for further evaluation.

Plaintiff alleges that the failure by Defendant Blue to examine him violated his rights under the Eighth Amendment, Americans with Disabilities Act, and the Rehabilitation Act. Plaintiff also alleges that Defendant's actions violated his rights under Michigan law. Defendant Blue now moves for summary judgment. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence,

which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Rehabilitation Act and Americans with Disabilities Act

Plaintiff initiated this action on April 18, 2022. (ECF No. 1). In his initial complaint, Plaintiff asserted claims under the Rehabilitation Act (RA) and the Americans with Disabilities Act (ADA). On August 10, 2022, the Honorable Hala Y. Jarbou dismissed Plaintiff's RA and ADA claims for failure to state a claim on which relief may be granted. (ECF No. 10, PageID.44-46). On February 24, 2023, Plaintiff filed an amended complaint asserting identical claims and factual allegations as those advanced in his original complaint. (ECF No. 28). Because Plaintiff's RA and ADA claims were previously dismissed, the undersigned recommends that the RA and ADA claims asserted in Plaintiff's amended complaint likewise be dismissed.

### II. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). But where the plaintiff complains not of a denial of treatment but simply a delay in treatment, he must present evidence establishing that he suffered harm caused by the delay in treatment. *See Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment").

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To satisfy this part of the analysis, Plaintiff must demonstrate that Defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

Plaintiff alleges that his Eighth Amendment rights were violated because he experienced a brief delay in treatment. As the Court previously concluded, this "is a case where [Plaintiff] alleges he was not provided adequate treatment because that treatment was delayed for a few hours. Under that circumstance, Plaintiff is required to place verifying medical evidence in the record to show the detrimental effect of the delay." (ECF No. 10, PageID.42-43). Absent such evidence, Plaintiff's Eighth Amendment claim fails. *See Napier*, 238 F.3d at 742. Plaintiff has presented no such evidence. The evidence which has been submitted indicates that Plaintiff was not suffering a serious medical need and was instead suspected of malingering.

Plaintiff received his COVID-19 booster shot at approximately 9:40 a.m. on December 14, 2021. (ECF No. 50-2, PageID.266). Plaintiff did not experience any adverse symptoms after receiving his shot and was, therefore, allowed to return to his housing unit. (*Id.*). At approximately 10:10 a.m., Plaintiff began to experience chest pain. (*Id.*, PageID.263-64). At 11:36 a.m. and again at 11:41 a.m., Plaintiff telephoned the Internal Revenue Service to inquire on the status of his COVID-19 stimulus check.

(*Id.*, PageID.251-53, 284). Plaintiff reported to Healthcare at 2:05 p.m. (*Id.*, PageID.267). Despite being informed that Plaintiff was experiencing chest pains, Defendant Blue did not immediately examine Plaintiff. (*Id.* at 269-70). At 2:35 p.m. Plaintiff exited Healthcare and returned to his housing unit. (*Id.* at 270). Defendant Blue subsequently attempted to examine Plaintiff but discovered that he had departed Healthcare. *(*ECF No. 50-5, PageID.290).

Plaintiff returned to healthcare later that "evening." (ECF No. 50-2, PageID.265). It is not clear from the record precisely when Plaintiff returned to Healthcare, but it was after Plaintiff completed a 5:23 p.m. telephone call. (*Id.* at PageID.265, 274, 284). Plaintiff was subsequently transported to a hospital where he was examined at 10:03 p.m. (ECF No. 50-7, 297-310). The results of a physical examination were unremarkable. (*Id.*, PageID.299-300). Plaintiff participated in various diagnostic testing – a CT angiography of his head and neck, a CT scan of his head, and an EKG examination – the results of which were all unremarkable. (*Id.*, PageID.301-06).

One of the examining physicians noted that Plaintiff's claims of "complete paralysis of his left arm as well as his left leg" were inconsistent with his allegations of left-sided chest pain. (*Id.*, PageID.305). The doctor also observed that while Plaintiff alleged that he had "no sensation in his left hand or left leg, he does move his foot and move his hand when he is poked with an 18 gauge needle." (*Id.*). The doctor concluded that he had "high suspicion for malingering as [Plaintiff] clearly does in fact have

sensation in his left upper and left lower extremity and []is moving his left hand and left leg." (*Id.*). Another doctor likewise observed that the results of examination and testing were "inconsistent with large vessel occlusion stroke or any stroke." (*Id.* , PageID.306). The doctor further observed that Plaintiff "does have a history of malingering and I suspect there may be some secondary gain that [Plaintiff is] seeking today." (*Id.*).

In response to Defendant's motion, Plaintiff failed to submit any relevant medical evidence. (ECF No. 54). As detailed immediately above, the medical evidence fails to establish that Plaintiff suffered any detrimental effect from the brief delay in treatment he experienced. Accordingly, the undersigned recommends that Defendant Blue is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

## III. State Law Claims

In addition to the federal law claims discussed herein, Plaintiff asserts several state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, the undersigned recommends that the federal law claims asserted in Plaintiff's amended

complaint be dismissed. Accordingly, the undersigned likewise recommends that the Court decline to exercise jurisdiction over the state law claims asserted in Plaintiff's amended complaint and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 49) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 19, 2023　　　　　　　　　　　/s/ Phillip J. Green
　　　　　　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge